# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY MAHONE, Individually and as Administratrix of the ESTATE OF CHRISTOPHER IAN RAUL, | : : : : : | Civil No. 1:23-CV-01935 |
| Plaintiff, | : : | |
| v. | : :: | |
| JOHNSON CONTROLS, INC., *et al.*, | : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the motion to dismiss for lack of personal jurisdiction filed by Defendant Johnson Controls International PLC ("JCI PLC"), Doc. 3, and the motion for leave to conduct jurisdictional discovery filed by Plaintiff Ashley Mahone ("Mahone"), individually and as the Administratrix of the Estate of Christopher Ian Raul, Doc. 9. The court holds that although personal jurisdiction has not been established at this juncture, it is appropriate to permit jurisdictional discovery. Thus, for the reasons that follow, the court will deny the motion to dismiss without prejudice and will grant Plaintiffs' request to conduct jurisdictional discovery.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Mahone initiated this action by filing a complaint in the Court of Common Pleas for York County, Pennsylvania on October 17, 2023.  (Doc. 1-2.)  The complaint named as Defendants JCI PLC, Johnson Controls, Inc. ("Johnson Controls"), York International Corporation ("York"), Columbus McKinnon Corporation ("CM"), and unnamed Doe Defendants 1-6.[2]  (*Id.*)  On November 22, 2023, York removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1441.  (Doc. 1.)

The following facts are gleaned from Mahone's complaint and are taken as true for the purpose of ruling on JCI PLC's motion to dismiss.  Christopher Ian Raul ("Raul") was fatally injured in a workplace incident on October 25, 2021.  (Doc. 1-2, ¶¶ 2, 24, 43.)  A bank of four large multi-unit fans, weighing approximately 4,480 pounds in total, broke free from a crane and crushed Raul.  (*Id.* ¶¶ 43–47.)

The incident occurred while Raul worked at 100 JCI Way, York, Pennsylvania 17406 (the "York Facility").  (*Id.* ¶ 23.)  At all times relevant to the complaint, JCI PLC had safety responsibilities for the York Facility.[3]  (*Id.* ¶ 13.)

---

[1] Because this memorandum is for the benefit of the parties, who are well-acquainted with this case, the court includes only the factual and procedural background necessary to resolve the instant motions.  Therefore, the court omits, for example, the crossclaims amongst Defendants.

[2] York is a wholly-owned subsidiary of Johnson Controls.  (Doc. 25, p. 2.)

JCI PLC "undertook to render safety services, oversight, and enforcement" for the York Facility and otherwise make it a safe worksite. (*Id.* ¶ 69.) JCI PLC undertook responsibilities for overseeing the movement of heavy loads at the York Facility. (*Id.* ¶ 71.) As such, it had a duty to third persons, such as Raul. (*Id.* ¶ 72.) The failure of JCI PLC to exercise reasonable care in performing its undertaking caused Raul's fatal injuries. (*Id.* ¶ 73.)

As a result of Raul's death, the Occupational Safety and Health Administration ("OSHA") cited JCI PLC for violating the Occupational Safety and Health Act of 1970. (Doc. 9, pp. 50–61.)[4] Additionally, in its brief in support of the motion for jurisdictional discovery, Mahone asserts that JCI PLC was represented by counsel as part of the OSHA investigation. (Doc. 9, ¶ 9; Doc. 9, pp. 92–134.) Throughout that process, Mahone asserts that JCI PLC never asserted that it was not responsible for safety at the York Facility or objected on that basis. (Doc. 9, ¶ 9.)

On November 29, 2023, JCI PLC filed the instant motion to dismiss. (Doc. 3.) On December 11, 2023, Mahone filed a motion for leave to conduct jurisdictional discovery. (Doc. 9.) On December 13, 2023, the court stayed

---

[3] It is apparent from the party's briefing that the York Facility is, or Mahone believes it to be, part of a JCI PLC subsidiary. (Doc. 9, p. 11; Doc. 25, pp. 4–5; Doc. 27, p. 1.)

[4] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

briefing deadlines. (Doc. 13.) The court lifted the stay on February 29, 2024, and the motion for jurisdictional discovery was briefed. (Docs. 23, 24, 25, 27.)

## JURISDICTION[5]

Under 28 U.S.C. § 1441, this action was properly removed to this court because the court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. Further, venue is appropriate because all the events detailed in the complaint occurred within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

JCI PLC seeks dismissal of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The court, in determining whether it has personal jurisdiction over a defendant, must take the facts alleged by the plaintiff as true and construe disputed facts in the plaintiff's favor. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). At this stage of the case, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (internal quotations omitted) (quoting *O'Connor*, 496 F.3d at 316). Courts will typically allow limited jurisdictional discovery when a plaintiff's

---

[5] This section excludes the personal jurisdiction issue that is currently before the court.

claim of jurisdiction "is not clearly frivolous." *Metcalfe*, 566 F.3d at 335–36 (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)).

## DISCUSSION

A district courts generally exercises "personal jurisdiction according to the law of the state where it sits." *Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 79 (3d Cir. 2019) (citing Fed. R. Civ. P. 4(k)(1)(A)).  Pennsylvania's Long-Arm Statute confers personal jurisdiction to an extent consistent with that permitted by the United States Constitution.  42 Pa. Cons. Stat. §§ 5308, 5322(b).  Thus, the court's analysis will be confined to the constitutional requirements.

The due process clause of the United States Constitution permits general and specific personal jurisdiction.  *O'Connor*, 496 F.3d 312, 317 (3d Cir. 2007).  General jurisdiction may be exercised over a foreign corporation when the corporation's "affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state."  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  A corporation is "at home" where it is incorporated or has its principal place of business.  *Id.* at 139.

In contrast, specific jurisdiction permits the court to "hear claims arising out of or relating to the defendant's purposeful contacts with the state."  *Novinger's, Inc. v. A.J.D. Constr. Co.*, 376 F. Supp. 3d 445, 451 (M.D. Pa. 2019) (citing

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Three elements are required for a court to have specific jurisdiction: (1) the defendant purposefully directed its activities at the forum; (2) the cause of action arose out of or relates to at least one of the purposefully directed activities; and (3) if the first two elements are met, the court "may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

As to jurisdictional discovery, "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations and citations omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal quotations and citations omitted). However, the court cannot permit a "fishing expedition" by the plaintiff. *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)).

Here, JCI PLC argues that there is no general personal jurisdiction because it is an Irish public limited company, has a principal place of business in Ireland, does not do business in Pennsylvania, and is not registered to do business in Pennsylvania. (Doc. 8, pp. 8–9.) It also argues that Mahone has not alleged a prima facie case of specific jurisdiction. (*Id.* at 10–14.) JCI PLC avers that it did not purposefully avail itself the privilege of conducting activities within Pennsylvania. (*Id.* at 10–11.) Rather, every allegation Mahone makes against JCI PLC is also asserted against York or Johnson Controls. (*Id.*) JCI PLC has submitted the declaration of Richard Dancy ("Dancy"), Associate General Counsel and Corporate Security of JCI PLC. (*Id.* at 11–12; Doc. 25-1.) JCI PLC asserts that Dancy's declaration establishes its lack of involvement with the York facility where Raul was injured. (Doc. 8, pp. 11–12.)

JCI PLC also argues that, even if Mahone could show purposeful contacts, she cannot show that her claims arose out of or relate to JCI PLC's contact with the forum. (*Id.* at 12–13.) JCI PLC avers that exercising personal jurisdiction over JCI PLC would be constitutionally unreasonable. (*Id.* at 13–14.) It argues that Mahone's assertions are not evidence of personal jurisdiction or suggestive of it. (Doc. 25, pp. 5–6.) The fact that JCI PLC's name appears on reports or other documents in conjunction with the York Facility does not show purposeful

contacts. JCI PLC argues that Mahone's request for discovery is a fishing expedition.[6] (*Id.* at 7–9.)

Mahone counters that, despite JCI PLC's arguments, ample evidence shows its role in the safety of the York Facility. (Doc. 9, p. 8.) As noted above, JCI PLC was involved in the OSHA investigation of the incident at the York Facility. (*Id.* at 8–9.) Additionally, during Raul's training at the York Facility, he was provided a safety policy created by JCI PLC. (*Id.* at 9.) Mahone asserts that JCI PLC provided the workers' compensation insurance for the York Facility. (Doc. 27, p. 4.) JCI PLC also published a public report representing its "Zero Harm" safety policy at all of its facilities including the York Facility. (*Id.*) JCI PLC also posts job openings for the York Facility. (*Id.*; Doc. 9, pp. 124–137.)

JCI PLC adamantly argues against the exercise of personal jurisdiction in this case. But it has presented no factually analogous cases in which courts have denied motions for jurisdictional discovery. Here, it is unclear whether, with the benefit of jurisdictional discovery, Mahone will be able to show that this court has personal jurisdiction over JCI PLC. However, with additional information that could be obtained through jurisdictional discovery, specific jurisdiction is possible. For example, it is plausible that Mahone can establish that JCI PLC had purposeful

---

[6] JCI PLC also argues that Mahone's discovery requests are overbroad and irrelevant to the question of jurisdiction in Pennsylvania. (Doc. 25, p. 8.) Because that argument is irrelevant to the merits of the instant motions, the court will not address it in this memorandum.

contacts regarding the York Facility. If so, it is likewise plausible that the instant action arose out of or relates to JCI PLC's contacts with Pennsylvania. In that regard, Mahone's claim is not frivolous – Raul worked at a facility of a JCI PLC subsidiary. JCI PLC had undertaken safety responsibilities for that facility. A horrific event occurred due to a safety breach. Accordingly, the court concludes that Mahone's factual allegations are sufficient to allow jurisdictional discovery, though not to make a determination with respect to whether personal jurisdiction exists with respect to JCI PLC this point.

## CONCLUSION

For the reasons stated herein, the court will deny JCI PLC's motion to dismiss without prejudice, grant Mahone's motion for jurisdictional discovery, and grant the parties ninety days to conduct jurisdictional discovery. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 29, 2024